FILED
Clerk's Office
USDC, Mass.
Date 10-13-05
By _____
Deputy Clerk



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*                         *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

October 6, 2005

J. Martin Richey, Esq.
Federal Defender's Office
408 Atlantic Avenue, 3rd Floor
Boston, MA 02210

      Re:  United States v. Horacio M. Neto
            a/k/a Horatio M. Neto, a/k/a "Marcelo"
            <u>Criminal No. 05-10217-DPW</u>

Dear Attorney Richey:

     This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Horacio M. Neto, a/k/a Horatio M. Neto, a/k/a "Marcelo" ("Defendant"), in the above-captioned case. The Agreement is as follows:

     1.   <u>Change of Plea</u>

     At the earliest practicable date but in no event later than October 28, 2005, Defendant shall plead guilty to all counts in which he is named in the above-captioned Indictment. Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in Counts One through Three of the Indictment, and is in fact guilty of the charged offenses.

     2.   <u>Penalties</u>

     Defendant faces the following maximum penalties on each of Counts One and Two of the Indictment -- Transfer of False Identification Documents and Aiding and Abetting:

     a)    fifteen years imprisonment;

    b)    three years' supervised release;

    c)    a fine of $250,000; and

    d)    a $100 mandatory special assessment.

Defendant faces the following maximum penalties on Count Three of the Indictment -- Possession of Document-Making Implements and Aiding and Abetting:

    a)    fifteen years imprisonment;

    b)    three years' supervised release;

    c)    a fine of $250,000; and

    d)    a $100 mandatory special assessment.

Defendant may also be deportable and/or excludable by the United States Immigration and Customs Enforcement as a consequence of his conviction of the offenses to which he is pleading guilty.

    3.   <u>Sentencing Guidelines</u>

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The U.S. Attorney will take the following positions at sentencing with respect to the application of the United States Sentencing Guidelines with regard to offense conduct and adjustments thereto:

    a)    U.S.S.G. § 2L2.1(a) is the applicable sentencing guideline provision for Counts One through Three and calls for an initial base offense level ("BOL") of 11;

    b)    U.S.S.G. § 2L2.1(b)(2)(A) is applicable to Counts One through Three based on the number of counterfeit

documents involved in the offense, requiring a 3 level
increase of the BOL, for an adjusted offense level of
14.

  c)    Counts One through Three are grouped together as
closely related counts under U.S.S.G. § 3D1.2.

The U.S. Attorney and Defendant agree that there is no basis
for a departure from the sentencing range established by the
United States Sentencing Guidelines.  Accordingly, neither the
U.S. Attorney nor Defendant will seek a departure on any ground
from the Sentencing Guidelines.

Based on Defendant's prompt acceptance of personal
responsibility for the offense of conviction in this case, and
information known to the U.S. Attorney at this time, the U.S.
Attorney agrees to recommend that the Court reduce by two levels
Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to
recommend a reduction under U.S.S.G. § 3E1.1 if, at any time
between his execution of this Agreement and sentencing Defendant:

  (a)    Fails to admit a complete factual basis for the
plea;

  (b)    Fails to truthfully admit his conduct in the
offenses of conviction;

  (c)    Falsely denies, or frivolously contests, relevant
conduct for which Defendant is accountable under
U.S.S.G. § 1B1.3;

  (d)    Fails to provide truthful information about his
financial status;

  (e)    Gives false or misleading testimony in any
proceeding relating to the criminal conduct
charged in this case and any relevant conduct for
which Defendant is accountable under U.S.S.G. §
1B1.3;

  (f)    Engages in acts which form a basis for finding
that Defendant has obstructed or impeded the
administration of justice under U.S.S.G. § 3C1.1;

  (g)    Intentionally fails to appear in Court or violates
any condition of release;

(h)   Commits a crime;

(i)   Transfers any asset protected under any provision
      of this Agreement; and/or

(j)   Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his
plea of guilty if, for any of the reasons listed above, the U.S.
Attorney does not recommend that he receive a reduction in
Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to
declining to recommend an acceptance-of-responsibility
adjustment, the Government may seek an upward adjustment pursuant
to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of
this Agreement.

   4.   <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence
before the District Court:

(a)   incarceration at the low-end of the guideline
      sentencing range;

(b)   a low-end guideline fine [unless the court finds that
      Defendant is not able and, even with the use of a
      reasonable installment schedule, is not likely to
      become able to pay a fine];

(c)   no restitution;

(d)   mandatory special assessment of $300; and

(e)   three years of supervised release.

Defendant agrees that he will provide to the U.S. Attorney
expert reports, motions, memoranda of law and documentation of
any kind on which he intends to rely at sentencing not later than
twenty-one days before sentencing.  Any basis for sentencing with
respect to which all expert reports, motions, memoranda of law
and documentation have not been provided to the U.S. Attorney at
least twenty-one days before sentencing shall be deemed waived.

In the event of an appeal from, or collateral challenge to,
Defendant's sentence, the U.S. Attorney reserves his right to

4

argue the correctness of Defendant's sentence and the manner in
which the District Court determines it.

     5.   Payment of Mandatory Special Assessment

     Defendant agrees to pay the mandatory special assessment to
the Clerk of the Court on or before the date of sentencing,
unless Defendant establishes to the satisfaction of the Court
that Defendant is financially unable to do so.

     6.   Court Not Bound By Agreement

     The sentencing recommendations made by the parties and their
respective calculations under the Sentencing Guidelines are not
binding upon the U.S. Probation Office or the sentencing judge.
Within the maximum sentence which Defendant faces under the
applicable law, the sentence to be imposed is within the sole
discretion of the sentencing judge.  Defendant's plea will be
tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B).  Defendant may
not withdraw his plea of guilty regardless of what sentence is
imposed.  Nor may Defendant withdraw his plea because the U.S.
Probation Office or the sentencing judge declines to follow the
Sentencing Guidelines calculations or recommendations of the
parties.  In the event that the sentencing judge declines to
follow the Sentencing Guidelines calculations or recommendations
of the U.S. Attorney, the U.S. Attorney reserves the right to
defend the sentencing judge's calculations and sentence in any
subsequent appeal or collateral challenge.

     7.   Information For Presentence Report

     Defendant agrees to provide all information requested by the
U.S. Probation Office concerning his assets.

     8.   Civil Liability

     By entering into this Agreement, the U.S. Attorney does not
compromise any civil liability, including but not limited to any
tax liability, which Defendant may have incurred or may incur as
a result of his conduct and his plea of guilty to the charges
specified in paragraph one of this Agreement.


     9.   Rejection of Plea By Court

     Should Defendant's guilty plea not be accepted by the Court
for whatever reason, or later be withdrawn on motion of
Defendant, this Agreement shall be null and void at the option of

the U.S. Attorney.

    10.  <u>Breach of Agreement</u>

    If the U.S. Attorney determines that Defendant has failed to
comply with any provision of this Agreement, has violated any
condition of his pretrial release, or has committed any crime
following his execution of this Agreement, the U.S. Attorney may,
at his sole option, be released from his commitments under this
Agreement in their entirety by notifying Defendant, through
counsel or otherwise, in writing.  The U.S. Attorney may also
pursue all remedies available to him under the law, irrespective
of whether he elects to be released from his commitments under
this Agreement.  Further, the U.S. Attorney may pursue any and
all charges which have been, or are to be, dismissed pursuant to
this Agreement.  Defendant recognizes that no such breach by him
of an obligation under this Agreement shall give rise to grounds
for withdrawal of his guilty plea.  Defendant understands that,
should he breach any provision of this agreement, the U.S.
Attorney will have the right to use against Defendant before any
grand jury, at any trial or hearing, or for sentencing purposes,
any statements which may be made by him, and any information,
materials, documents or objects which may be provided by him to
the government subsequent to this Agreement, without any
limitation.  In this regard, Defendant hereby waives any defense
to any charges which he might otherwise have under any statute of
limitations or the Speedy Trial Act.

    11.  <u>Who Is Bound By Agreement</u>

    This Agreement is limited to the U.S. Attorney for the
District of Massachusetts, and cannot and does not bind the
Attorney General of the United States or any other federal, state
or local prosecutive authorities.

    12.  <u>Complete Agreement</u>

    This letter contains the complete and only agreement between
the parties relating to the disposition of this case.  No
promises, representations or agreements have been made other than
those set forth in this letter.  This Agreement supersedes prior
understandings, if any, of the parties, whether written or oral.
This Agreement can be modified or supplemented only in a written
memorandum signed by the parties or on the record in court.

    If this letter accurately reflects the Agreement between the
U.S. Attorney and Defendant, please have Defendant sign the
Acknowledgment of Agreement below.  Please also sign below as

6

Witness.  Return the original of this letter to Assistant U.S.
Attorney Antoinette E.M. Leoney.

                                 Very truly yours,

                                 MICHAEL J. SULLIVAN
                                 United States Attorney

                            By: _____
                                 LAURA KAPLAN
                                 Section Chief

                                 ANTOINETTE E.M. LEONEY
                                 Assistant U.S. Attorney


                    ACKNOWLEDGMENT OF PLEA AGREEMENT

        I have read this letter in its entirety and discussed it
with my attorney.  I hereby acknowledge that it fully sets forth
my agreement with the United States Attorney's Office for the
District of Massachusetts.  I further state that no additional
promises or representations have been made to me by any official
of the United States in connection with this matter. I understand
the crimes to which I have agreed to plead guilty, the maximum
penalties for those offenses and Sentencing Guideline penalties
potentially applicable to them.  I am satisfied with the legal
representation provided to me by my attorney.  We have had
sufficient time to meet and discuss my case.  We have discussed
the charges against me, possible defenses I might have, the terms
of this Plea Agreement and whether I should go to trial.  I am
entering into this Agreement freely, voluntarily, and knowingly
because I am guilty of the offenses to which I am pleading guilty
and I believe this Agreement is in my best interest.


                            _____
                            HORACIO M. NETO
                            Defendant

                            Date: 10/13/05

        I certify that Defendant Horacio M. Neto, a/k/a Horatio M.
Neto, a/k/a/ "Marcelo," has had this Agreement read to him in his

                                 7

native language and that we have discussed its meaning.  I
believe he understands the Agreement and is entering into the
Agreement freely, voluntarily and knowingly.

J. MARTIN RICHEY, Esq.
Attorney for Defendant

Date: 10/13/05

8